IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHERIE BENNETT, | : |
|     Plaintiff, | : |
| | :   Case No. 3:08cv339 |
| vs. | : |
| |   JUDGE WALTER HERBERT RICE |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | : |
| | : |
|     Defendant. | : |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT(DOC. #17)

Plaintiff initiated this litigation, seeking judicial review of the Defendant's final decision to deny her an award of Social Security disability and Supplemental Security Income benefits. This Court referred this matter to Magistrate Judge Michael Merz, who issued a Report and Recommendations, recommending that this Court affirm the Defendant's decision to deny Plaintiff's application for benefits. See Doc. #13. In the course of his Recommendations, Judge Merz concluded that the Plaintiff was not disabled, given that she did not have an impairment or impairments that met or equaled Listing 12.05(C).

The Plaintiff objected to the Report and Recommendations. See Doc. #14. Therein, she continued to argue that her impairments met or equaled Listing 12.05(C). The Defendant did not file a response to the Plaintiff's Objections.

In its Decision of March 17, 2010, this Court addressed the Plaintiff's Objections, without having had the benefit of the Defendant's view on same. See Doc. #15. In particular, this Court rejected Judge Merz's recommendation that the Plaintiff's impairments did not meet or exceed those set forth in Listing 12.05(C). The Court directed that judgment be entered in favor of Plaintiff, remanding this matter for the purpose of paying benefits. Id.

This appeal is now before the Court on the Defendant's motion, filed in accordance with Rule 59(e) of the Federal Rules of Civil Procedure to alter or to amend the Court's judgment. See Doc. #17. Defendant states that such relief is necessary in order to avoid a manifest error of law, given that this Court's decision is not legally supportable. Id. The Plaintiff has opposed the Defendant's motion (Doc. #18), and for reasons which follow, this Court agrees with the Plaintiff.

As an initial matter, this Court rejects the Defendant's insulting premise that it (the Court) committed some type of error because it "modified" Judge Merz's decision. That contention shows a fundamental misperception of the relationship between Magistrate and District Court Judges. The Defendant's belief to the contrary notwithstanding, this District Court does not see its role as acting as a mere rubber stamp for decisions by a Magistrate Judge. Indeed, the statutes and Rules of Civil Procedure governing Magistrate Judges in no manner contemplate that the District Court should act as such a rubber stamp. See 28 U.S.C. § 636; Fed. R. Civ. P. 53. The Magistrate Judge, through his Report and

Recommendations, narrows the issues, permitting this Court's ruling on Objections to be more narrowly focused. Accordingly, this Court rejects the Defendant's suggestion that it committed an error, manifest or otherwise, by "modifying" Judge Merz's Report and Recommendations.

The Defendant also takes aim at the substance of this Court's conclusion that Plaintiff's impairments meet or exceed Listing 12.05(C), arguing that the evidence failed to establish that Plaintiff suffered from mental retardation, although she met the requisite IQ during her developmental period. In support of this argument, the Defendant relies upon his "underlying brief" which he did not bother to mention by response to the Plaintiff's Objections. Nevertheless, this Court cannot agree with the Defendant that the evidence fails to establish the requisite severity of Plaintiff's impairments.

Listing 12.05(C) provides:

12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

\* \* \*

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function ....

20 C.F.R. Pt. 404, Subpt P, App. 1.

As indicated, the evidence establishes that the Plaintiff had the requisite IQ to meet or exceed the requirements of Listing 12.05(C). Thus, the question becomes whether the evidence establishes that she had a physical or mental impairment "imposing an additional and significant work-related limitation on

- 3 -

function that manifested itself during the developmental period (i.e., before the age of 22). In this regard, the language of Listing 12.05(C) demonstrates that the lack of a diagnosis of mental retardation is not fatal to Plaintiff's claim. As Plaintiff points out, the Administrative Law Judge found that, in addition to her cognitive difficulties, Plaintiff suffered from depression and anxiety which would limit her work to low stress, without fast paced work or production quotas.[1] Doc. #19 at 2, fn 1. Moreover, the opinions of mental health professionals relied upon by the Defendant for the proposition that the Plaintiff has not been diagnosed as being mentally retarded are not internally consistent. For instance, Dr. Metts, who reviewed Plaintiff's records on behalf of the state agency, opined that while she was not mentally retarded, she suffered from bipolar disorder and borderline intellectual functioning, which would warrant a diagnosis of borderline mental retardation, which he chose to characterize as borderline intellectual functioning. Significantly, both Drs. Metts and Schultz recognized that Plaintiff's IQ fell within the mildly retarded range, but declined to make such a diagnosis or to explain the absence of same.

Based upon the foregoing, this Court reaffirms its Decision to sustain the Plaintiff's Objections to the Report and Recommendations of the Magistrate Judge

---

[1] The foregoing is based upon a finding by the ALJ, which, in turn, is based upon reports of medical health professionals. Those professionals did not first examine the Plaintiff until after her 22nd birthday and did not make express findings that conditions, such as depression and anxiety, which would limit her work to low stress work, manifested themselves before her 22nd birthday. However, her conditions stem from what one medical health professional referred to as her mild mental retardation or borderline intellectual functioning, which most definitely manifested itself before her 22nd birthday.

- 5 -

and to remand this matter for the purpose of paying benefits.  Accordingly, this Court overrules Defendant's Motion to Alter or to Amend Judgment (Doc. #17).

June 28, 2011

                                               */s/ Walter Herbert Rice*
                                               WALTER HERBERT RICE, JUDGE
                                               UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.